UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES CHAVEZ,<br><br>                   Petitioner,<br>    v.<br><br>LeGRAND, WARDEN, et al.,<br><br>                 Respondents. | Case No. 3:13-cv-00548-MMD-WGC<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by James Chavez. On September 14, 2014, respondents filed a motion to dismiss arguing that Ground 2 of Chavez's petition is unexhausted.[1] (Dkt. no. 26.) Having been fully briefed, the motion is now before the Court for decision.

**I.    BACKGROUND**[2]

In November 2006, a jury in the Second Judicial District Court for Nevada found Chavez guilty of four counts of sexual assault on a child. The state district court sentenced him to four consecutive terms of life in prison with minimum parole eligibility after twenty years on each count. Chavez appealed.

On direct appeal, Chavez raised claims asserting violations of the Confrontation Clause of the Sixth Amendment, violations of Nevada's rules of evidence, a claim of

---

[1] Respondents also argued that the petition is not properly verified, however, that issue was resolved by the subsequent filing of a proper verification. (Dkt. no. 30.)

[2] Unless otherwise noted, the background information for this case was taken from the exhibits filed at docket numbers 16 through 21.

juror misconduct, and a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The Nevada Supreme Court affirmed Chavez's conviction and sentence.

Chavez subsequently filed a proper person petition for writ of habeas corpus. After appointment of counsel, Chavez filed a supplemental petition. The state court held an evidentiary hearing, and then entered an order denying the state petition. Chavez appealed.

On appeal, Chavez raised various claims of ineffective assistance of counsel, and asserted a claim of cumulative error. The Nevada Supreme Court affirmed the state district court's order denying the state petition.

On October 2, 2013, this Court received a federal habeas petition from Chavez initiating this proceeding. On December 23, 2013, Chavez filed the amended petition (dkt. no. 22) that is the subject of respondents' motion to dismiss.

## II. EXHAUSTION

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground for relief to the state's highest court, and must give that court the opportunity to address and resolve it. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan*, 513 U.S. at 365-66). The mere similarity of claims of state and federal error is insufficient to establish exhaustion.

*Hiivala*, 195 F.3d at 1106, (citing *Duncan*, 513 U.S. at 366); *see also Lyons v. Crawford*, 232 F.3d 666, 668-69 (9th Cir. 2000), *as modified by*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000). The petitioner must have "characterized the claims he raised in state proceedings specifically as federal claims." *Lyons*, 232 F.3d at 670. This is accomplished either by referencing a specific provisions of the federal constitution or by citing to either a federal or state case involving the legal standard for a federal constitutional violation. *Id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

In Ground 2 of his petition, Chavez alleges that juror misconduct and erroneous evidentiary rulings were so pervasive in his trial that they resulted in a violation of his constitutional right to due process. The two primary errors Chavez identifies in Ground 2 are (1) the admission of evidence regarding the victim's death and (2) juror disregard for the court's instructions not to deliberate on guilt prior to the completion of the case.

Respondents argue that Ground 2 is unexhausted because Chavez failed to present these issues to the state court as federal claims for relief. With respect to erroneous evidentiary rulings, respondents point to Chavez's brief on direct appeal, in which Chavez argued that the trial court erred by: (1) instructing the jury that the victim was deceased, rather than informing the jury that she was merely unavailable for the purposes of NRS § 51.055; (2) not granting a mistrial after testimony from the victim's brother suggesting that Chavez was to blame for the victim's death even though the court earlier ruled that the circumstances of the death were not to be disclosed to the jury; and (3) admitting autopsy photos of the victim into evidence in violation of NRS § 48.035(2). (Dkt. no. 19-7 at 34-38, 42-43.) In making these arguments, Chavez made no specific reference to federal law. Likewise, respondents note that Chavez's argument

///

on direct appeal regarding juror misconduct relied entirely on state case law. (*Id*. at 38-39.)

Chavez concedes that his opening brief on direct appeal "is bereft of adequate citation to the United States Constitution or federal precedent." (Dkt. no. 31 at 3.) Even so, he argues that this Court's focus at this point should be on the likelihood that the Nevada courts will consider the merits of the claim if he were to return to state court. According to Chavez, the near certainty that the state court will apply state procedural defaults to the claim requires this Court to find Ground 2 technically exhausted, but subject to procedural default.

Alternatively, Chavez argues that Ground 2 was exhausted by methods other than specific reference to the federal constitution or citation to a case involving the legal standard for a federal constitutional violation. In this regard, he claims that factual allegations contained in his direct appeal arguments combined with his ineffective assistance of counsel and cumulative error claims in his state post-conviction proceeding adequately apprised the Nevada Supreme Court of the federal nature of the claim. He further argues that the Nevada Supreme Court applied federal law to his allegations that the trial court erred by informing the jury that the victim was deceased and by admitting the autopsy photos into evidence, thereby effectuating exhaustion of those portions of the claim. Lastly, he contends that the Nevada Supreme Court's reliance on a Nevada case, *Valdez v. State*, 196 P.3d 465 (Nev. 2008), to deny his juror misconduct claim was sufficient to exhaust that portion of Ground 2 because the court in that case found a constitutional violation arising from juror misconduct.

None of these alternative arguments is convincing. Exhaustion requires the presentation of the claim as a cohesive whole. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("We consequently hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.").

4

The citation to federal law that Chavez relies upon to assert the exhaustion of part of Ground 2 is a citation to a holding in a federal criminal case (*U.S. v. Acceturro*, 966 F.2d 631, 637 (11th Cir. 1992)) involving the court's review of alleged trial court error. *See Chavez v. State*, 213 P.3d 476, 488 n.5 (Nev. 2009). It was not a citation that addressed the legal standard for a federal constitutional violation. Likewise, the Nevada Supreme Court did not specify that it was relying upon *Valdez* for its application of federal law, as opposed to state law. *Id*. at 489. Thus, the citation to *Valdez* did not effect exhaustion. *See Casey v. Moore*, 386 F.3d 896, 912 (9th Cir. 2004) ("Casey's citing to a state case discussing both state and federal claims, with no textual mention of a federal claim in Casey's brief on this issue, did not fairly present to the state court of appeals the federal claim now asserted in federal habeas proceedings.").

With regard to applying the procedural default doctrine to Ground 2, the Supreme Court has stated as follows:

> [I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, . . . but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.

*Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 744-51 (1991) and *Gray*, 518 U.S. at 162). As Chavez points out, the Nevada courts are almost certain to apply a timeliness bar and/or a successive petition bar to any forthcoming attempt to present Ground 2. *See* NRS §§ 34.726 and 34.810. It is well established that these bars are adequate and independent state law grounds that serve to bar federal court review of claims to which they are applied, unless petitioner can demonstrate cause and prejudice to excuse the default. *See Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir.1996); *Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002); *Ybarra v. McDaniel*, 656 F.3d 984, 990 (9th Cir. 2011); *Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000). And, while he does not explicitly state that there is no

///

chance that the Nevada court will excuse the defaults,[3] Chavez's insistence that this Court find the claim procedurally defaulted for the purposes federal review stands as a concession that he is not able to make the showing necessary to obtain a hearing in state court on the merits of Ground 2. Thus, Ground 2 is technically exhausted, but procedurally defaulted.

The question then becomes whether Chavez can show cause and prejudice sufficient to permit this Court to excuse the procedural defaults. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). That is, he must show that some "objective factor external to the defense" impeded his attempts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Further, this objective impediment must have actually prevented him from raising the claim. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). If he can establish cause, Chavez must then show "prejudice;" i.e., that there was *actual* prejudice amounting to a substantial disadvantage, and which resulted in a trial infected with constitutional error. *United States v. Frady*, 456 U.S. 152, 170 (1982).

In his sur-reply to the motion to dismiss, Chavez submits that the issue of cause and prejudice is to be litigated if and when this Court decides that the procedural default analysis applies to Ground 2. Even so, he proffers what he terms as "one possible angle for demonstrating cause and prejudice." (Dkt. no. 36 at 6.) Specifically, he argues that *Martinez v. Ryan*, 132 S.Ct. 1308 (2012), provides him a viable claim of cause and prejudice.

In *Martinez*, the Supreme Court held that, in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial, ineffective assistance of post-conviction counsel in that proceeding may establish cause for a prisoner's procedural default of such a claim. *Martinez*, 132 S. Ct. at 1315. The Court stressed that its holding was a "narrow exception" to the rule in *Coleman* that "an attorney's ignorance

---

[3]He does note, however, that the "universe of Nevada grounds for cause to excuse a procedural default are quite limited." (Dkt. no. 31 at 8 n. 5.)

or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id.*

In *Ha Van Nguyen v. Curry,* 736 F.3d 1287 (9th Cir. 2013), the Ninth Circuit expanded *Martinez* to allow ineffective assistance of post-conviction counsel to be used as a means to excuse the default of claims of ineffective assistance of appellate counsel. *Nguyen*, 736 F.3d at 1295. Then, in *Dickens v. Ryan*, 740 F.3d 1320 (9th Cir. 2014), the court indicated in a footnote that, unlike a claim of ineffective assistance of appellate counsel as cause for failing to bring a claim on direct appeal, a claim of ineffective assistance of PCR counsel as cause for failing to assert a claim of ineffective assistance of trial counsel need not be first exhausted. *Dickens*, 740 F.3d at 1322, n.17.

Chavez suggests that, read together, these cases allow him to assert ineffective assistance of direct appeal counsel as "cause to allow this Court to hear the substance of [Ground 2] despite Chavez's anticipatory default of that claim." (Dkt. no. 36 at 9.) This Court does not agree. The Supreme Court precedent remains that a claim of ineffective assistance of counsel showing "cause" is itself subject to the exhaustion requirements. *Murray*, 477 U.S. at 492; *Edwards v. Carpenter*, 529 U .S. 446 (2000). Because it is not disputed that Chavez has not exhausted any claim that appellate counsel was ineffective by not presenting Ground 2 to the state court, such a claim cannot serve as cause in this Court to excuse the default of Ground 2.

As general matter, this Court is not inclined to extend the limits of *Martinez* without clear direction from a higher court. *See Hunton v. Sinclair*, 732 F.3d 1124, 1126–27 (9th Cir. 2013) (declining to extend *Martinez* to underlying *Brady* claims), *cert. denied*, 134 S.Ct. 1771 (2014); *see also Pizzuto v. Ramirez*, 783 F.3d 1171, 1177 (9th Cir. 2015) (declining to extend *Martinez* to cover claims other than ineffective assistance of trial or appellate counsel). Nonetheless, Chavez will be allowed an opportunity to present argument on the issue of whether his procedural default of Ground 2 should be excused. Because he has already been provided at least one opportunity to raise such argument, the time permitted will be limited.

1    It is therefore ordered that respondents' motion to dismiss for lack of exhaustion (dkt. no. 26) is denied.

It is further ordered that petitioner will have twenty (20) days from the date this order is entered within which to show why, in light of the discussion above, Ground 2 should not be dismissed as procedurally barred. Respondents will thereafter have twenty (20) days to file a response. The matter will, at that point, be deemed submitted to the Court for decision.

It is further ordered that respondents' motions to extend time (dkt. nos. 43 and 44) are granted *nunc pro tunc* as of the date of their respective filing.

DATED THIS 22nd day of September 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE