UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES CHAVEZ,<br><br>                    Petitioner,<br>       v.<br><br>LeGRAND, WARDEN, et al.,<br><br>                    Respondents. | Case No. 3:13-cv-00548-MMD-WGC<br><br>ORDER |

On September 22, 2015, this Court entered an order directing petitioner Chavez to show cause why Ground 2 of his first amended petition (dkt. no. 22) should not be dismissed as procedurally barred. (Dkt. no. 46.) Chavez has filed his response to that order. (Dkt. no. 47.) Respondents have filed a response to the petitioner's response. (Dkt. no. 48.) For reasons that follow, Ground 2 will be dismissed.

**I.    BACKGROUND**

In Ground 2 of his petition, Chavez alleges that juror misconduct and erroneous evidentiary rulings were so pervasive in his trial that they resulted in a violation of his constitutional right to due process. The two primary errors Chavez identifies in Ground 2 are (1) the admission of evidence regarding the victim's death and (2) juror disregard for the court's instructions not to deliberate on guilt prior to the completion of the case.

Chavez has not presented this claim to the Nevada Supreme Court, but because the Nevada courts would now dismiss it on state law procedural grounds, the claim is technically exhausted, but procedurally barred. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Thus, the issue before the Court is whether Chavez can show cause and

prejudice sufficient to permit this Court to excuse the procedural defaults. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

## II.   DISCUSSION

As a general matter, a habeas petitioner seeking to demonstrate good cause to excuse a procedural default must show that some "objective factor external to the defense" impeded his attempts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Further, this objective impediment must have actually prevented him from raising the claim. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). If he can establish cause, a petitioner must then show "prejudice;" i.e., that there was actual prejudice amounting to a substantial disadvantage, and which resulted in a trial infected with constitutional error. *United States v. Frady*, 456 U.S. 152, 170 (1982).

In addition, the Supreme Court has held that, in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial, ineffective assistance of post-conviction counsel in that proceeding may establish cause for a prisoner's procedural default of such a claim. *Martinez v. Ryan,* 132 S.Ct. 1308, 1315 (2012). The Court stressed that its holding was a "narrow exception" to the rule in *Coleman v. Thompson*, 501 U.S. 722 (1991), that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id.*

In *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), the Ninth Circuit expanded *Martinez* to allow ineffective assistance of post-conviction counsel to be used as a means to excuse the default of claims of ineffective assistance of appellate counsel. *Nguyen*, 736 F.3d at 1295. Then, in *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014), the court indicated in a footnote that, unlike a claim of ineffective assistance of appellate counsel as cause for failing to bring a claim on direct appeal, a claim of ineffective assistance of post-conviction relief counsel as cause for failing to assert a claim of ineffective assistance of trial counsel need not be first exhausted. *Dickens*, 740 F.3d at 1322, n.17.

2

Here, Chavez claims that ineffective assistance of direct appeal counsel (IADAC) provides good cause to overcome the procedural default of Ground 2. As noted in this Court's September 22, 2015, order, a claim of ineffective assistance of counsel showing "cause" is itself subject to the exhaustion requirements and the procedural default doctrine. *Carrier*, 477 U.S. at 492; *Edwards v. Carpenter*, 529 U .S. 446, 453 (2000). Chavez concedes that he has not presented to the Nevada Supreme Court an IADAC claim based on appellate counsel's failure to raise Ground 2, but argues that that omission can be excused under the *Martinez*/*Hguyen* exception due to post-conviction counsel's ineffectiveness.

The court in *Edwards* specified that, when using counsel's failure to preserve a claim for review in state court as cause to excuse a procedural default, "[n]ot just any deficiency in counsel's performance will do, . . . the assistance must have been so ineffective as to violate the Federal Constitution." *Edwards*, 529 U.S. at 451. Post-conviction counsel ineffectiveness cannot amount to a constitutional violation, but *Martinez* permits it to serve as cause to excuse the default of an ineffective assistance of counsel claim when state law provides that such a claim be brought in the initial state collateral proceeding. *Martinez*, 132 S.Ct. at 1316; *Trevino v. Thaler*, 133 S.Ct. 1911, 1921 (2013).

No controlling authority permits a petitioner to show cause for the default of his secondary IADAC claim by showing that his post-conviction counsel was ineffective for failing to bring that claim. Indeed, it is only because of *Nguyen*, a Ninth Circuit panel decision, that the default of primary IADAC claims falls within *Martinez*. In the absence of direction from a higher court, this Court declines to further extend the *Martinez* exception in the manner petitioner suggests.

It is therefore ordered that Ground 2 is dismissed as procedurally barred.

It is further ordered that respondents will have thirty (30) days from the date this order is entered within which to file an answer to petitioner's remaining grounds for

///

1  relief. Petitioner will have thirty (30) days following service of respondents' answer within
2  which to file a reply.

DATED THIS 26th day of April 2016

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE